UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRISTINO RAMERO RAMOS | * | CIVIL ACTION |
| VERSUS | * | NO. 23-1536 |
| PARK HOTELS & RESORTS, INC., ET AL. | * | SECTION "L" (2) |

**ORDER AND REASONS**

Pending before me is the Motion to Compel filed by Defendants Hilton Management, LLC, Hilton Riverside, LLC and Ace American Insurance Company. ECF No. 13. Defendants ask that the Court order Plaintiff Christino Ramero Ramos to respond, within ten days of this Order, to discovery propounded by Defendants on August 7, 2023. Defendants further request that Plaintiff's case be dismissed with prejudice if he fails to comply with that order. *Id.*

The motion was scheduled for submission on Wednesday, May 22, 2024. ECF No. 13-8. As of this date, Plaintiff has not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, May 14, 2024.[1] No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion to Compel is DENIED for the reasons stated herein.

I.    **BACKGROUND**

Plaintiff filed this personal injury suit in state court alleging that he slipped and fell in water as he exited an escalator on Defendants' property. ECF No. 1-1 ¶¶ 4-7. Defendants removed the case to this court on May 8, 2023. ECF No. 1. After Plaintiff failed to fulfill his obligations regarding counsel's services, counsel withdrew. ECF No. 11 ¶ 1; No. 12.

---

[1] *See* E.D. La. L.R. 7.5. Although the Court has authority to grant a motion as unopposed, it is not required to do so. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350,356 (5th Cir. 1993).

Defendants contend that they issued discovery to Plaintiff, through prior counsel, on August 7, 2023.  ECF No. 13-2 at 1-9.  When responses were not received, defense counsel set a Rule 37 conference. ECF No. 13-3 at 1-4.  Defense counsel agreed to extend the response period through December 13, 2023, and when the responses were not forthcoming, to January 26, 2024.  ECF Nos. 13-4 at 1; 13-5 at 1-2; 13-6 at 1.  After counsel withdrew, there have been no communications with Plaintiff, and Defendants have still not received their discovery responses.  ECF No. 13-1 at 3.

Defendants request that this Court order Plaintiff to respond to its discovery within 10 days and order that, pursuant to Rule 37(b)(2), her claims be dismissed with prejudice should he fail to do so.  ECF No. 13 at 1; ECF No. 13-1 at 3-6.  Defendants did not include a Rule 37 Certificate of Conference, as required by FED. R. CIV. P. 37(a)(1).

## II.   APPLICABLE LAW AND ANALYSIS

### A.  Rule 37's Meet and Confer Requirement

Rule 37(a) of the Federal Rules of Civil Procedure provides that "on notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  FED. R. CIV. P. 37(a)(1).  This rule further provides, in pertinent part:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

To ensure compliance with this Rule, this Court expressly requires the parties to provide detailed information in the required Rule 37 certification, specifying:

(1) how the required conference was scheduled,
(2) who participated in the conference,
(3) the date and time of the conference,
(4) whether the conference was conducted by phone or in person,
(5) the duration of the conference,
(6) the specific topics that were addressed at the conference, and

2

(7) whether any issues were resolved by the parties, and, if so, the terms of the resolution.[2]

When a motion to compel is granted, the Court must award reasonable expenses incurred in filing the motion unless the movant filed the motion without attempting in good faith to obtain the discovery without court action, the failure to respond was justified, or an award would be unjust in the circumstances. FED. R. CIV. P. 37(a)(5).

After a court has ordered a party to respond to discovery and the party fails to comply with that court order directing discovery, a movant may seek sanctions pursuant to Rule 37(b)(2).[3] Under Rule 37, the Court may issue an order:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A).[4] The primary purpose of the rule is "designed to empower the court to compel production of evidence by the imposition of reasonable sanctions."[5] Courts have a duty

---

[2] *Motions & Oral Argument*, The Honorable Donna Phillips Currault, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge-honorable-donna-phillips-currault.

[3] *See Bivins v. Miss. Reg'l Hous. Auth. VIII,* 770 F. App'x 241, 242 (5th Cir. 2020) (per curiam) (affirming dismissal of complaint pursuant to Rule 37(b) for failure to comply with discovery orders despite multiple opportunities to do so); *Sandoval v. Carrco Painting Contractors*, No. 16-00159, 2016 WL 8679288, at *1 (W.D. Tex. Nov. 14, 2016) (citing *Lyn-Lea Travel Corp. v. Am. Airlines, Inc..*, 283 F.3d 289, 290 (5th Cir. 2002)) (upholding civil contempt order imposed as sanction for violation of a protective order)).

[4] *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 500 (N.D. Tex. Apr. 18, 2016) (citing *Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970)).

[5] *Id.* (internal quotations omitted) (quoting *Dorsey*, 423 F.2d at 860); *Parkcrest Builders, LLC v. Housing Auth.*, No. 15-01533, 2017 WL 6388511, at *5 (E.D. La. Dec. 14, 2017) (citing *Nat'l Hockey League v. Metro. Hockey Club,*

to impose the least severe sanction that is sufficient to deter future conduct.[6]

Dismissal is the most severe sanction, is not favored except in extreme circumstances,[7] and should be used "cautiously."[8]  To dismiss under Rule 37, a lesser sanction must be unavailable.[9] A Rule 37 dismissal is proper if the refusal to cooperate resulted from "willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct" and considers other factors.[10] "[I]mposition of a sanction without a prior warning is to be avoided," so courts should provide fair notice to litigants before claims become subject to dismissal.[11]

### III.   <u>ANALYSIS</u>

In this case, Defendants have failed to provide the required Rule 37 certificate.  This failure is a sufficient reason in itself to deny this motion.[12]  Indeed, courts routinely deny discovery

---

*Inc.*, 427 U.S. 639, 642–43 (1976)) ("The purpose of discovery sanctions are to secure compliance with the rules of discovery, deter others from violating them, and punish those who do violate them.").

[6] *Orchestrate HR, Inc.*, 178 F. Supp. 3d at 501  (citing *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996)); *Thomas v. Cap. Sec. Servs.*, 836 F.2d 866, 877–78 (5th Cir. 1988).

[7] *Id.* (internal quotations omitted); *see also Owens v. Dillard Univ.*, No. 01-3432, 2002 WL 1009477, at *1 (E.D. La. May 16, 2002) (citing *Batson v. Neal Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985)) ("The Fifth Circuit has noted, however, that dismissal with prejudice is a 'draconian remedy,' which the district court should impose only as a matter of last resort.").

[8] *Hubble v. Am. River Transp.*, No. 01-2361, 2002 WL 927782, at *1 (E.D. La. May 7, 2002) (dismissing after plaintiff failed to attend two noticed depositions).

[9] *Id.*

[10] *Parfait v. Hercules Drilling Co., L.L.C.*, No. 12-597, 2012 WL 6697133, at *2 (E.D. La. Dec. 21, 2012) (quoting *Pegues v. PGW Auto Glass, L.L.C.*, 451 F. App'x 417, 418 (5th Cir. 2011)); *see also Francois v. Blandford*, No. 10-1330, 2012 WL 38291, at *2 (E.D. La. Jan. 6, 2012) (citing *Batson v. Neale Spelce Assoc., Inc.*, 777 F.2d 511, 515 (5th Cir. 1985)) ("Under Fed. R. Civ. P. 37(b), dismissal with prejudice as a sanction is a remedy of last resort only to be applied in extreme circumstances."); *Quintero*, No. 08-1527, 2009 WL 382506, at *2 (E.D. La. Feb. 11, 2009) (adopting report and recommendation to dismiss case as it was "one of those rare cases that merits extreme justice" when Plaintiff repeatedly failed to cooperate).

[11] *Francois*, 2012 WL 38291 at *2; *Williams v. Res-Care, Inc.*, No. 17-10200, 2020 WL 5942211, at *3 (E.D. La. Oct. 7, 2020) (citing *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013) (permitting dismissal after second discovery order unambiguously and specifically stated: "Plaintiffs who are found to have violated this Court's order . . . will have their claims dismissed."); *Chisesi v. Auto Club Family Ins. Co.*, 374 F. App'x 475, 477 (5th Cir. 2010) (holding dismissal warranted after second discovery order that specifically warned plaintiff that failure to comply would result in dismissal of the case because it proved lesser sanctions were in fact ineffective).

[12] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014); *see also Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633, 2014 WL 29451, (M.D. La. July 2, 2014).

motions for failure to comply with Rule 37(a)(1).[13]

In addition, Defendants assert that they issued interrogatories and requests for production to Plaintiff.  ECF No. 13 at 1.  The exhibits attached to Defendants' motion, however, reflect only two copies of Requests for Production, not any interrogatories.  *See* ECF No. 13-2 at 1-5 (document captioned "First Set of Requests for Production of Documents to Plaintiff" which includes an opening paragraph indicating interrogatories propounded pursuant to the Louisiana Code of Civil Procedure and then lists 10 requests for production); *id.* at 6-9 (same).  Based on the exhibits, it is unclear whether Defendants issued proper interrogatories to Plaintiff at all.  And given the absence of a Rule 37 certificate, there is no basis to discern whether Plaintiff, who is now unrepresented, received the discovery requests or knows that discovery requests are outstanding.

## IV.   **CONCLUSION**

Based on this record, Defendants' motion to compel is improper.  Defendants are directed to convene a Rule 37 conference with Plaintiff to determine whether he has the discovery requests and knows that the responses are overdue, and to provide a reasonable deadline by which he is to respond to same.  Should he fail to do so after a proper Rule 37 conference, Defendants may re-file their Motion to Compel and provide the necessary proof of Plaintiff's failure to comply with the discovery rules.  Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Compel is DENIED.

New Orleans, Louisiana, this _____22nd_____ day of May, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[13] *See, e.g.*, *Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citations omitted).